NO. 12-15-00027-CV

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

FILED IN COURT OF APPEALS
12th Court of Appeals District

MAR - 4 2015
elkm

TYLER TEXAS
CATHY S. LUSK, CLERK

| | | |
|---|---|---|
| KENNETH CRISSUP | § | APPEAL FROM THE 349 TH |
| APPELLANT | § | |
| V. | § | JUDICIAL DISTRICT COURT |
| WILLIAM STEPHENS,TODD A. | § | |
| FOXWORTH,PAMELA KIRKPATRICK, | § | ANDERSON COUNTY,TEXAS |
| EBONI BROWN,DR. GARY WRIGHT, | § | |
| LISA GARRETT,ADN UNKNOWN | § | |
| OFFICER | § | |

## MOTION FOR REHEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW,Appellant ,Kenneth Crissup,does hereby request an rehearing pursuant to §49.1 Tex.R.App.Proc. and will show the following:

### JURISDICTION

The Twelfth Court of Appeals entered judgment on February 18,2015.Appellant received said judgment on February 23,2015. original jurisdiction was proper in the above matter,because a Notice of Appeal was timely filed pursuant to Tex.R.App.Proc. 26.1(a)(4).

### NOTICE TO THE COURT

Appellant would like to notice the Court,that due to the inadequacy of the prison library on the Michaels Unit of the Texas Department of Criminal Justice,he is unable to research the case law in a timely manner and properly brief this issue. He would request that the Court consider placing this matter before the pro bono committee, or in the alternative allow Appellant additional time to prepare and research the issue.

1.

## STATEMENT OF CASE

This case was originally filed in Travis county,District Court.It was improperly forwarded to the court of Appeals, than remanded back to the Travis county District court.It was then transferred to Anderson County District Court.Prior to being transferred the Travis District Court denied defendants motion to dismiss pursuant to Tex.Civ.Prac.Rem.Code §14.004. Nevertheless,the Anderson County District Court dismissed Appellants compalint citing non-compliance wit §14.004.Appelalnt timely filed a request for a findings offact and conclusions of law pursuant to Tex.R.Civ.Proc.296.Appellant then filed a Notice of Appeal within the 90 days allotted pursuant to Tex. R.Civ.Proc.297 and Tex.R.App.Proc.26.1(a)(4).This Court,denied jurisdiction of his original appeal,because he did not file a notice of appeal within 30 days,because an evidentiary hearing is not required to issue a findings of fact and conclusion of law pursuant toTex.R.Civ.Proc.296 and hterefore,they are not allowed to consider such finding and under the premise restricts Appellant ,to the 30 day filing requirement.Appellant disagrees.

## ARGUEMENT

The legislative intent of Tex.R.Civ.Proc.296 was to inform not only the Appellate Court of the basis of a Trial Judges decision,but to allow incite to the parties involved an affected by the decision in order for them to formulate a basis for appeal. In the case at bar,the Trial Court made a decision on a procedural ground that is contrary to the record entered in clerks record. As the Court is aware,a Trial Court is allowed by law to enter a judgment based solely on the written record before the Court. It is therefore reasonable fro a party adversely affected by such a ruling to request the Court to illicit how it derived at a decision.In the case at bar the issue evolves around whether or not ,Appelalnt,filed the appropriate documents as

2.

required,and whether or not a Court had previously ruled that he done so.Since the Clerk's record is evidence in this case, and the Court's only source of evidence to derive that he either did or did not comply rests on that evidence,Appellant,would submit that the Trial Judges 'FACT' issue was decided based on an evidentiary hearing thatwas without Appellants participation being allowed.As such,thisCourt has the ability to review such a 'FACT' finding based on the evidence before this Court contained in the record.

While this Court may not be legally able to consider a Judge's findings of facts and conclusions of law based on a decision derived from a sufficience of evidence issue,Appelalnt, would assert that the Court does have jurisdiction to consider an appeal that is field withinthe 90 period allotted pursuant to Tex.R.Civ.Proc.297,Tex.R.App.Proc.26.1(a)(4),regardless of whether or not a fromal evidentiary hearing was conducted.The rule does not contain any language which requires the Court to have to be able to consider a Trial Judges Findings of Facts and Conclusions of LAw,it only requires the Trial Court to issue such Findings if required by law.The rule further allows fro a situation in which a Trial Court does not comply with the ruel and requires an Appellant to submit his appeal within 90 days even if no findings of focts and conclusions of law is issued by the Court.

Tex.R.Civ.Proc.296 deos not specifically state that a Trial Court cannot file a Findings of Facts and Conclusions of Law when it si a discretionary request.It only specifies at what time the Appellant must act if the Trial Curt does not exercise that discretion.The additional time allotted by simply making the request for the Court to issue it's FF&CL is not affected by the plain language of the law, nor is the Court's interpretation of it reflect that language.Because the rule does not specify that if a Court is not allowed to issue a FF&CL under certain circumstances the only reasonable interpretation that any Appellant may arrive at is that it applies to all requests for FF&CL regardless of whether the Court has discretion to issue one or not.

## SUMMARY OF ARGUEMENT

This Court has jurisdiction to consider Appellants original appeal,because Tex.R.App.P.26.1(a0(4) and Tex.R.civ.Proc.296,297 does not specifically exclude an appellant's request for a discretionary issuance of a 'Findings of Facts and Conclusions of LAw' by a Trial Court.Further,the rules do not require the Appellate Court to be able able to consider a Trial Court's 'Findings of Facts & conclusions of Law',before it can GRANT an Appelalnt jurisdiction to consider his appeal if it is filed within the 90 day allotted time pursuant to the rules.

## QUESTIONS

1.      Does the request of an Appellant for a Trial Court to issue a Finding of Facts and Conclusions of Law that is not required to be issued,or is discretionary in nature,cancel the extention of time granted an appellant to fiel a notice of appeal under Tex.R.App.Proc.26.1(a)(4) and Tex.R.CIv.proc.296,297?

2.      Does the language of Tex.R.App.P. 26.1(a)(4) or Tex.R.Civ.P. 296,297 give an appellant adequate notice that a discretionary request under rule 296 prohibits the Court of Appeals from considering a Trial Court's findings and thereby denying an appellant the benefit of the extended time to fiel an appela?

3.      Is the sole purpose of Tex.R.Civ.P.296 intended to provide an Appellate Court incite in how a Trial Court derived at its judgement or is it also intended to provide incite to a prospec -tive appellant,so he may decide if an appeal should be sought?

4.      When a Trial Court conducts a hearing outside of either parties presence and relies onthe 'PAPER' Court record to make a factual finding,does not the record itself become an evidentiary issue that invokes the requirement under Tex.R.Civ.P.296 for the Court to issue a finding and therefore also invokiking the Appellate Courts jurisdiction to consider such finding under an abuse of discretion standard?

4.

5.    If a Trial Court disregards its duty to file a Finding of facts and conclusions of law puruant to Tex.R.Civ.P.296 does an Appellate Court than invoke a De Novo Review standard in deciding an appellants appeal ?

RESPECTFULLY SUBMITTED THIS   26 TH DAY OF FEBRUARY,2015.

Kenneth Crissup

CERTIFICATE OF SERVICE

I,Kenneth crissup,do hereby certify that a true and correct copy of the foregoing was placed in U.S. Mail,First Class,Postage Prepaid,to the following addressee on this the 26 TH DAy of February ,2015:

Attorney General /State of Texas
PO BOX 12548
Austin Texas 78711-2548
( attorney for defendants)

Kenneth Crissup